IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| JACOB DAVIS, | * |
| | * |
| Plaintiff, | * |
| | *   Civil No. TMD 13-3376 |
| v. | * |
| | * |
| | * |
| CAROLYN W. COLVIN, | * |
| Acting Commissioner of Social Security, | * |
| | * |
| Defendant. | * |
| | *********** |

**MEMORANDUM OPINION GRANTING PLAINTIFF'S
ALTERNATIVE MOTION FOR REMAND**

Jacob Davis ("Plaintiff") seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying his applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment or Alternative Motion for Remand (ECF No. 13) and Defendant's Motion for Summary Judgment (ECF No. 19).[1] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that he is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Plaintiff's Alternative Motion for Remand (ECF No. 13) is **GRANTED**.

---

[1] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

# I

## Background

Plaintiff was born in 1985, has a GED, and previously worked as a construction helper. R. at 17, 30-31, 363.  Plaintiff applied protectively for DIB and SSI on March 5, 2010, alleging disability beginning on January 1, 2007 (later amended to March 5, 2010), due to Lyme disease, fibromyalgia, chronic fatigue, back and urinary problems, depression, and anxiety.  R. at 28, 100-07, 116, 120.  The Commissioner denied Plaintiff's applications initially and again on reconsideration; consequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  R. at 41-55.  On June 19, 2012, ALJ Eugene Bond held a hearing in Washington, D.C., at which Plaintiff and a vocational expert ("VE") testified.  R. at 22, 26-40.  On August 2, 2012, the ALJ issued a decision finding Plaintiff not disabled from the amended alleged onset date of disability of March 5, 2010, through the date of the decision.  R. at 7-19.  Plaintiff sought review of this decision by the Appeals Council, which denied Plaintiff's request for review on September 12, 2013.  R. at 1-6.  The ALJ's decision thus became the final decision of the Commissioner.  *See* 20 C.F.R. §§ 404.981, 416.1481; *see also Sims v. Apfel*, 530 U.S. 103, 106-07, 120 S. Ct. 2080, 2083 (2000).

On November 13, 2013, Plaintiff filed a complaint in this Court seeking review of the Commissioner's decision.  Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment.  The case subsequently was reassigned to the undersigned.  The parties have briefed the issues, and the matter is now fully submitted.

II

**Summary of Evidence**

A.  **Opinion Evidence**

On July 31, 2010, Plaintiff underwent a consultative examination by Deidre Maccannon, M.D. R. at 253-58. Dr. Maccannon noted that Plaintiff reported "functional limitations of sitting, standing and walking for short amounts of time and lifting and carrying 10 pounds occasionally due to back pain and fibromyalgia." R. at 255. Dr. Maccannon further found the following:

> No joint swelling, erythema, effusion, tenderness or deformity. [Plaintiff] was able to lift, carry and handle light objects. [Plaintiff] was able to squat and rise from that position with difficulty. [Plaintiff] was able to rise from a sitting position without assistance and had some difficulty getting up and down from the exam table. [Plaintiff] was able to walk on heels and toes with moderate difficulty. Tandem walking was normal and [Plaintiff] could hop on either foot tentatively. [Plaintiff] can dress and undress adequately well and was cooperative, but did not give good effort during the examination. *The above limitations are due to subjective reports of pain*. Differential between passive and active range of motion makes it difficult to assess effort. Passive range of motion was only approximately 50% in all fields and 100% normal active range of motion in all fields including cervical, elbows, shoulders, wrists, hands, thoracolumbar, hips, knees and ankles/feet.

R. at 257 (emphasis added). Dr. Maccannon thus found that

> [Plaintiff] can be expected to sit 30 minutes, stand 20 minutes and walk 15 minutes at a time in an eight hour work day before requiring a break due to subjective back and joint pain. [Plaintiff] does not need an assistive device with regards to short and long distances and uneven terrain. [Plaintiff] can be expected to carry 15 pounds frequently and 20 pounds occasionally due to subjective joint and back pain. There are limitations on bending, stooping, crouching, and so on and [Plaintiff] will be able to perform these occasionally due to subjective undiagnosed right groin pain with crouching and squatting. There are no manipulative limitations on reaching, handling, feeling, grasping, fingering and [Plaintiff] will be able to perform these frequently. There are no relevant visual, communicative or work place environmental limitations.

R. at 257.

On August 13, 2010, J. Biddison, M.D., a state agency medical consultant, found no significant, medically determinable impairment. R. at 259. Dr. Biddison noted that Dr. Maccannon's July 2010 consultative examination was "internally inconsistent, reporting significant motor weakness, but normal tandem gait, active range of motion, no tender points." R. at 259.

On September 14, 2010, E. Lessans, Ph.D., a state agency consultant, evaluated on a psychiatric review technique form Plaintiff's mental impairments under paragraph B of Listings 12.02, 12.04, 12.06, 12.08, and 12.09 relating to organic mental, affective, anxiety-related, personality, and substance addiction disorders. R. at 260-73. Dr. Lessans opined that Plaintiff's mental impairments caused him to experience (1) mild restriction in activities of daily living; (2) mild difficulties in maintaining social functioning; (3) mild difficulties in maintaining concentration, persistence, or pace; and (4) one or two episodes of decompensation of extended duration. R. at 272. Dr. Lessans thus found that Plaintiff's mental impairments were not severe. R. at 260.

On April 26, 2011, another state agency consultant, W. Hakkarinen, M.D., opined that Plaintiff's impairments were medically not severe, as the evidence neither confirmed his alleged impairments nor indicated a condition that would limit significantly his ability to perform work-related activities. R. at 291.

**B.    Plaintiff's Testimony**

In his decision, the ALJ reviewed Plaintiff's allegations:

> [Plaintiff] testified and stated in the record that he has "extreme" fatigue, back pain, feelings of depression and anxiety, back pain, concentration and attention problems, loss of energy, spends his days watching television and sitting on the couch, has disturbed sleep due to nightmares, and that his only interest is watching sports on television. He also alleges being isolated from others except family, that he does not go places and needs someone to accompany him if he

> does, and has difficulty lifting, squatting, bending, standing, walking, kneeling and climbing stairs. [Plaintiff] reports that he is only able to walk for 10 minutes without resting, has a short attention span, problems getting along with others, and that he requires help from family members in order to perform simple daily tasks. [Plaintiff] also testified that he is unable to work physically or mentally, needs to be driven by family members, relies on his father to cook and his parents and sister to clean, that it takes him a while to get out of bed in the morning and that he watches television and goes back to bed.

R. at 15 (citation omitted); *see* R. at 29-35.

**C.     VE Testimony**

According to the VE, a hypothetical individual with Plaintiff's same age, education, and work experience who had the capacity to perform unskilled, sedentary work[2] with limited contact with the general public could work as a quality-control worker, grading and sorting worker, or finish machine operator. R. at 37-38. With a capacity to perform unskilled, light work[3] with limited contact with the general public, this individual could work as a machine tender, packer and packaging worker, or inspector. R. at 38. This individual could not perform substantial gainful activity, however, with a reduction in productivity by at least 20% because of missed time, napping, doctors' appointments, or unscheduled restroom breaks. R. at 39.

---

[2] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. §§ 404.1567(a), 416.967(a).

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b), 416.967(b). "Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." *Id.*

III

**Summary of ALJ's Decision**

On August 2, 2012, the ALJ found that Plaintiff (1) had not engaged in substantial gainful activity since the amended alleged onset date of disability of March 5, 2010; and (2) had an impairment or a combination of impairments considered to be "severe" on the basis of the requirements in the Code of Federal Regulations; but (3) did not have an impairment or a combination of impairments meeting or equaling one of the impairments set forth in 20 C.F.R. pt. 404, subpt. P, app. 1; and (4) was unable to perform his past relevant work; but (5) could perform other work in the national economy. R. at 12-18. The ALJ accordingly found that he was not disabled from March 5, 2010, through the date of the decision. R. at 18.

In so finding, the ALJ found that Plaintiff had the RFC "to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b)" and retained "the mental capacity for unskilled work tasks with limited public contact." R. at 15. The ALJ considered Plaintiff's credibility and found that his "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [his] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [ALJ's RFC] assessment." R. at 15. The ALJ afforded "significant weight" to Dr. Maccannon's opinion finding Plaintiff capable of a range of light work with alternating positions every 15 to 30 minutes and "limited weight" to the state agency consultants' opinions. R. at 17.

IV

**Disability Determinations and Burden of Proof**

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can

be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.  A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations.  20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-380 (2003).  "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further."  *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  The claimant has the burden of production and proof at steps one through four.  *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity.  If the claimant is engaged in substantial gainful activity, then the claimant is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work

activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).[4]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical

---

[4] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## V

### Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42

U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

## VI

### Discussion

Plaintiff contends that the ALJ erroneously assessed his RFC contrary to Social Security Ruling 96-8p.[5] Pl.'s Mem. Supp. Mot. Summ. J. 3-8, ECF No. 13-1 (citing, *inter alia*, *Fleming v. Barnhart*, 284 F. Supp. 2d 256, 271-72 (D. Md. 2003)). Plaintiff maintains that the ALJ failed to perform properly a function-by-function assessment of his ability to perform the physical and mental demands of work. *Id.* at 6. In particular, Plaintiff asserts that the ALJ failed to evaluate

---

[5] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding on all components of the Social Security Administration. *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1). "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Pass*, 65 F.3d at 1204 n.3.

properly the opinions of Dr. Maccannon, the consultative examiner, and to explain his rationale for implicitly rejecting the doctor's opinions. *Id.* at 6-8. Plaintiff contends that, despite giving significant weight to the doctor's opinion, the ALJ failed to include in the RFC assessment either his need for work breaks or any limitation upon his abilities to sit, stand, walk, or to perform postural movements. *Id.* at 7.

The ALJ gave significant weight to "the assessment by Dr. Maccannon, who found [Plaintiff] capable of a range of light work with alternating positions every 15-30 minutes since it was supported by the limited medical and objective findings as well as [Plaintiff's] adequately controlled symptoms with medication." R. at 17 (citation omitted); *see* R. at 253-58. Defendant asserts, however, that "the ALJ gave 'significant weight' to Dr. Maccannon's statements about [Plaintiff's] abilities, but did not fully adopt these statements" because they were based on Plaintiff's subjective complaints that the ALJ did not find credible (Def.'s Mem. Supp. Mot. Summ. J. 8, ECF No. 19-1). *See Craig*, 76 F.3d at 590 (noting that conclusory medical opinion based on claimant's subjective reports and unsupported by opining physician's own notes was unpersuasive).

Defendant's contention is unavailing. The ALJ merely limited Plaintiff's RFC to unskilled, light work with limited public contact (R. at 15), despite affording "significant weight" to Dr. Maccannon's opinion that Plaintiff was capable of a range of light work with alternating positions every 15 to 30 minutes (R. at 17). Although Defendant now maintains that the ALJ implicitly rejected Dr. Maccannon's opinion regarding Plaintiff's abilities to sit, stand, and walk because it was based on Plaintiff's incredible complaints of pain, the ALJ explicitly gave significant weight to the doctor's opinion that he was capable of light work with alternating positions every 15 to 30 minutes. The Commissioner must consider "all the evidence and

explain on the record the reasons for [her] findings, including the reason for rejecting relevant evidence in support of the claim. Even if legitimate reasons exist for rejecting or discounting certain evidence, the [Commissioner] cannot do so for no reason or for the wrong reason." *King v. Califano*, 615 F.2d 1018, 1020 (4th Cir. 1980) (citation omitted). The ALJ's duty of explanation is satisfied "[i]f a reviewing court can discern 'what the ALJ did and why he did it.'" *Piney Mountain Coal Co. v. Mays*, 176 F.3d 753, 762 n.10 (4th Cir. 1999). Because the ALJ failed to provide sufficient explanation to support his RFC assessment, the Court "simply cannot tell whether [his] decision is based on substantial evidence or not." *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986). Moreover, because the Court is unable to discern whether a need to alternate positions every 15 to 30 minutes would affect the availability of jobs in the national economy, the Court cannot say that the omission of such a limitation from the ALJ's RFC assessment is harmless. Accordingly, remand is warranted in this case.

## VII

## Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF No. 19) is **DENIED**. Plaintiff's Motion for Summary Judgment (ECF No. 13) is **DENIED**. Plaintiff's Alternative Motion for Remand (ECF No. 13) is **GRANTED**. A separate order shall issue.

Date: January 27, 2015                                          /s/
                                                          Thomas M. DiGirolamo
                                                          United States Magistrate Judge